Minute Order Form (06/97).

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3842 | **DATE** | 11/29/2001 |
| **CASE TITLE** | Frank Richter vs. Village of Oak Brook, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motion to dismiss (Doc. 8-1) is denied. In the interest of expediting this matter, the court directs that the parties proceed promptly to discovery on the issues of the role in which Plaintiff made the statements at issue here, and the extent to which the Village's responses to Plaintiff's statements constituted retaliation.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC - 3 2001 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/29/2001 | |
| ETV | courtroom deputy's initials | 01 NOV 30 PM 4:06 | date mailed notice ETV | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

FRANK RICHTER, )
)
Plaintiff, )
)
v. ) No. 01 C 3842
)
VILLAGE OF OAK BROOK, ) Judge Rebecca R. Pallmeyer
VILLAGE MANAGER STEPHEN )
VEITCH, and FIRE CHIEF DEBRA )
JARVIS, individually and in their )
official capacities, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Frank Richter ("Richter"), a fireman, brings this action against his employer, the Village of Oak Brook ("the Village"), and individual defendants Stephen Veitch ("Veitch"), the Village Manager, and Debra Jarvis ("Jarvis"), the Village Fire Chief. Richter alleges that the Defendants have violated his First and Fourteenth Amendment right as a public employee to speak about matters of public concern by retaliating against him for criticizing health conditions within several Village firehouses. Defendants now move to dismiss the case for failure to state a claim and contend in the alternative that the individual defendants enjoy qualified immunity against Plaintiff's claim. For the reasons stated below, Defendants' motion to dismiss is denied.

## FACTUAL BACKGROUND

Plaintiff is employed as a fireman by the Village Fire Department ("the

Department").¹ (Complaint ¶¶ 14, 24.) In January 2000, he became a member of the Department's Safety Committee and he also served as the Department's Chief Union Steward with duties involving the oversight of departmental health and safety.² (Id. ¶¶ 13, 14.) On September 20, 2000, Plaintiff submitted a written memorandum to Defendants Jarvis and Veitch, alerting them that several Village fire stations had contaminants such as asbestos and high levels of mold and particulate diesel exhaust.³ (Id. ¶ 15.) On October 7, 2000, Plaintiff gave Jarvis a second memo expressing concern about Village firefighters' exposure to the contaminants in Village fire stations, and recommending that a qualified testing agency be retained to evaluate the fire stations and determine an appropriate course of action. (Id. ¶ 16.) On an unspecified date in November 2000, Defendant Jarvis removed Plaintiff from the Department Safety Committee. (Id. ¶ 17.)

On a date not specified in the complaint, Plaintiff contacted the Department of Health and Human Services, OSHA, NIOSH, and the Illinois Department of Labor in an effort to obtain an evaluation of the levels of diesel exhaust, mold, and asbestos in the fire stations. (Id. ¶ 18.) Allegedly as a result of Plaintiff's efforts, on another unspecified date the University of Illinois at Chicago's Industrial Hygiene Department

---

¹ The complaint does not indicate when Plaintiff was hired by the Department.

² The complaint specifies that Plaintiff fulfilled these responsibilities concurrently but does not indicate when he became Chief Union Steward or whether he still holds this position.

³ The complaint alleges that the asbestos was present in Village Fire Station Two, but does not specify how many fire stations the Village manages, which fire stations had problems with which contaminants, or which fire stations were subsequently tested for contaminants.

2

and Occupational Medical Clinic conducted an on-site evaluation of the Village fire stations and examined 16 firefighters for symptoms possibly associated with high levels of diesel exhaust in the stations. (*Id.* ¶ 19.) On January 20, 2001, Plaintiff submitted an IRMA Incident/First Aid Report documenting symptoms that he was experiencing as a result of exposure to the diesel exhaust levels mentioned in his September 20, 2000 and October 7, 2000 memoranda.[4] (*Id.* ¶ 20.) On an unspecified date, Defendant Jarvis refused to accept Plaintiff's January 20, 2001 IRMA report, and claimed that Plaintiff failed to properly complete the Report form. (*Id.*) The complaint does not explain why Jarvis believed the Report was not properly completed, and Plaintiff alleges that this justification is pretextual. (*Id.*) On January 25, 2001, Defendant Jarvis warned Plaintiff verbally that all Departmental paperwork including IRMA Incident/First Aid Forms had to be properly completed, and that failure to comply with this warning could result in further discipline up to and including termination. (*Id.* ¶ 22.) The Defendants neither acknowledged nor officially accepted Plaintiff's January 20, 2001 IRMA report, and failed to take any action to address the symptoms which Plaintiff identified as deriving from unhealthy workplace conditions. (*Id.* ¶ 23.)

Plaintiff filed the complaint initiating this action on May 24, 2001.

## DISCUSSION

A. **Standard for a Motion to Dismiss**

A motion to dismiss a complaint pursuant to FED. R. CIV. P. 12(b)(6) does not

---

[4] The complaint does not explain what the acronym "IRMA" stands for, nor does it identify the symptoms Plaintiff was allegedly experiencing.

3

test whether the plaintiff will prevail on the merits but instead tests whether the claimant has properly stated a claim. *See Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In deciding a motion to dismiss, the court will consider all well-pleaded allegations of the complaint as true, and will draw all reasonable inferences in favor of the plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001). Dismissal is only proper if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Slaney v. International Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). The Seventh Circuit has recognized, however, that a plaintiff may "plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995). *See Khuans v. School Dist. 110*, 123 F.3d 1010, 1016-17 (7th Cir. 1997).

### B. Standard for First Amendment Retaliation Claim

To state a claim of retaliation against a public employee's exercise of First Amendment free speech rights, the public employee must show that 1) the implicated speech was constitutionally protected under the circumstances, and 2) the defendant retaliated against the speaker because of the speech. *Button v. Kibby-Brown*, 146 F.3d 526, 529 (7th Cir. 1998). A public employee's speech will be constitutionally protected if he speaks as a citizen on a matter of public concern, but not when he speaks as an employee on a matter of personal interest. *Connick v. Myers*, 461 U.S. 138, 147 (1983). If, and only if, the public employee's speech addresses a matter of public concern, the

4

court must then weigh the plaintiff's interests as a citizen "in commenting upon matters of public concern" against "the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Pickering v. Board of Educ. of Township High Sch. Dist. 205*, 391 U.S. 563, 568 (1968). Courts applying the *Connick-Pickering* test must do more than consider the general subject matter of speech and "must . . . delve deeper into the precise content, form, and context of the speech that admittedly may be of some interest to the public." *Cliff v. Board of Sch. Comm'rs of Indianapolis*, 42 F.3d 403, 410 (7th Cir. 1994). The fact that a public employee speaks out on a topic of public import does not automatically protect the remarks he made; at the same time, the fact that the public speaks out partially for personal reasons does not necessarily deny the employee Constitutional protections either. *Gonzalez v. City of Chicago*, 239 F.3d 939, 941-42 (7th Cir. 2001); *Kokkinis v. Ivkovich*, 185 F.3d 840, 844 (7th Cir. 1999).

C.  **Plaintiff's First Amendment Concerns**

With these standards in mind, the court turns to the case at hand. Defendant contends that Plaintiff's claim must be dismissed because the speech in question was uttered in a professional context by a public employee whose job it was to report on health and safety conditions in Village fire stations. As the preceding summary of facts may begin to suggest, however, Plaintiff's Complaint is somewhat short on details. Thus, it is difficult for the court to determine the "precise content, form, and context" of the memoranda that Plaintiff allegedly submitted. It is unclear what the documents meant, whether they were optional or required, formal or informal, and so on. Similarly, without more information, the court would be ill-equipped to assess whether

5

or not Plaintiff spoke primarily as a citizen or a public employee when he raised concerns about the air quality at Village fire stations. The court notes, however, that Plaintiff comes close to pleading himself out of court on this very point. His allegation that his duties as Chief Union Steward for the Village "involved health and safety oversight at the Department . . . at all times" fits uncomfortably, at best, with an argument that his speech was that of a citizen and not a public employee. *See* Complaint ¶ 14.

In addition, although the parties have not addressed the issue, the court notes a concern regarding the nature of the alleged retaliation. The complaint alleges that Plaintiff was dropped from the Department Safety Committee, had a memo rejected by Defendant Jarvis, and was warned that improperly submitted memoranda could lead to Departmental discipline or firing. *See id.* ¶¶ 17, 21-24. In the context of First Amendment challenges to employment actions, the challenged adverse acts need not be "monstrous"; instead, the acts "need merely create the potential for chilling employee speech on matters of public concern." *DeGuiseppe v. Village of Bellwood*, 68 F.3d 187, 192 (7th Cir. 1995). To be actionable, however, the challenged employer actions must be more disruptive than an inconvenience or change of professional responsibilities. *Id.* Plaintiff must be "made worse off" by the challenged actions. *Id. Cf. Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 691 (7th Cir. 2001) (in Title VII context, "not everything that makes an employee unhappy is an actionable adverse action") (quoting *Smart v. Ball State University*, 89 F.3d 437 (7th Cir. 1996)). Plaintiff's case can not long survive without evidence of an employment action adverse enough to effectively deter the exercise of his First Amendment rights. *Power v.*

*Summers*, 226 F.3d 815, 820 (7th Cir. 2000).

It is settled law in the Seventh Circuit, however, that a complaint need not allege all, or any of the facts entailed by the claim, and that a plaintiff can plead conclusions. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Bound as it is to draw all reasonable inferences in favor of the party opposing the motion to dismiss, this court is unable to conclude that Plaintiff has failed to state a cognizable claim.

## CONCLUSION

For the reasons explained above, Defendants' motion to dismiss (Doc. No. 8-1) is denied. In the interest of expediting this matter, the court directs that the parties proceed promptly to discovery on the issues of the role in which Plaintiff made the statements at issue here, and the extent to which the Village's responses to Plaintiff's statements constituted retaliation.

ENTER:

Dated: November 29, 2001

REBECCA R. PALLMEYER
United States District Judge